Jay J. Schuttert, Esq. (SBN 8656)
Hayley E. LaMorte, Esq. (SBN 14241)
**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efsmmlaw.com
Email: hlamorte@efsmmlaw.com

*Attorneys for Defendant*
*Schindler Elevator Corporation*

## UNITED STATES DISTRICT COURT

## FOR THE STATE OF NEVADA

| | |
|---|---|
| NORMA HERMINIA CANON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>SAHARA HOTEL & CASINO, TK ELEVATOR CORPORATION, f/k/a THYSSENKRUPP ELEVATOR CORPORATION, a Foreign Corporation, SCHINDLER ELEVATOR CORPORATION, a Foreign Corporation; DOE EMPLOYEES 1-XX; DOES 1-XX, ROE CORPORATIONS 1-XX, inclusive,<br><br>Defendants. | **Case No. 2:24-cv-00137-GMN-MDC**<br><br>**[PROPOSED] JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUIRED** |

Pursuant to FRCP 16(b), FRCP 26, and Local Rule 26-1(e), the parties submit their proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day. Special scheduling review is requested because the parties agree that discovery will take longer than 180 days to complete.  Pursuant to LR 26-2, and as will be detailed below, the parties request 300 days of discovery marked from the filing of the first Defendant's Answer on February 28, 2024.

1.  **Meeting**:  Pursuant to FRCP Rule 26(f), a meeting was held on April 8, 2024, and was attended telephonically by Kevin Sprenz of Sprenz Law for Plaintiff Norma Canon, and

Hayley LaMorte of Evans Fears Schuttert McNulty Mickus on behalf of Defendant Schindler Elevator Corporation.

2.   **Statement of the Case**:  This is a negligence and product liability case.  Plaintiff Norma Canon was employed as a housekeeper at the Sahara Hotel & Casino when she was injured when she entered an elevator. Plaintiff alleges she was injured when "the elevator doors closed on her, striking her body."  Defendant denies the allegations and deny that they are liable for any injuries sustained by Plaintiff.  Las Vegas Resort Holdings, LLC, d/b/a Sahara Las Vegas was dismissed on February 27, 2024.  Dkt. 9.  Defendant TK Elevator Corporation has not yet appeared and has an extension to answer until April 22, 2024, pending a determination of exposure.

Pursuant to LR 26-1(a), the parties agreed upon and request an extended discovery period in part because of the complicated nature of product defect claims, anticipated additional discovery to determine facts about the incident, and extensive expert discovery.

3.   **Initial Disclosures**:   The parties will make their pre-discovery disclosures, including but not limited to any Computation(s) of Damages required pursuant to FRCP 26(a)(i)(A)(iii), on or before April 22, 2024.

4.   **Areas of Discovery**:  The parties agree that the areas of discovery should include, but not be limited to all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure, including causation, liability, and damages.

5.   **Electronically Stored Information**: The parties understand their responsibilities regarding electronically stored information. There are no pending issues or disputes. All discovery, when practicable, may be produced electronically.

6.   **Claims of Privilege or Protection as Trial-Preparation Material**: The parties anticipate submitting a stipulated protective order to govern the disclosure of confidential proprietary documents.

7.   **Changes to Presumptive Limits on Discovery**: The parties do not propose any changes to the presumptive limits in the discovery rules and will cooperate with each other should deviations become necessary.

8.      **Other Orders under Rule 26(c) or Rule 16(b) and (c)**: The parties anticipate entering into a stipulated protective order prior to the disclosure of confidential or proprietary documents.

9.      **Discovery Plan**: The parties propose the following discovery plan:

A.      **Discovery Cut-off Date(s)**:  Discovery will cutoff 300 days marked from February 28, 2024—the date of Defendant Schindler's Answer—which was the date by which the first defendant answered or otherwise appeared in the litigation.  Therefore, the parties jointly request that discovery close on <u>December 24, 2024</u>.

B.      **Amending the Pleadings and Adding Parties**:  The parties shall have until <u>September 25, 2024</u>, to file any motions to amend the pleadings to add parties. This is 90 days before the discovery cut-off date.

C.      **FRCP 26(a)(2) Disclosure of Experts**:  the parties agree that a staggered expert disclosure schedule is appropriate in this case because of the nature of Plaintiff's negligence and product liability claims. Staggered expert disclosures will allow Plaintiff's experts to define the scope of their specific product-related claims and defect theories as they relate to the subject elevator. With this schedule, Defendant will only be required to rebut Plaintiff's specific claims and respond to Plaintiff's expert opinions, and not opine as to the entire scope and fitness of the subject elevator and its component parts.  This is in line with the Advisory Committee Notes to FRCP 26 regarding expert deadlines, which states:

> Normally the court should prescribe a time for these [expert] disclosures in a scheduling order under [FRCP] 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue.

1993 Advisory Committee Notes to Fed. R. Civ. P. 26; *see also Mabrey v. United States,* 2:05-CV00051RLH-GWF, 2006 WL 1891127, at *4 (D. Nev. July 7, 2006) (relying on the 1993 Advisory Committee Notes and *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.,* C 01-20418 JW, 2005 WL 1459572, at *2 (N.D. Cal. June 21, 2005) in declining to sanction a defendant who disclosed expert witnesses after plaintiff's initial disclosure deadline without a

court order authorizing staggered expert disclosure deadlines: "[T]he Advisory Notes also indicate that in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures[.]"). Therefore, the parties jointly request that the disclosure of experts proceed as follows: The initial expert disclosure deadline for Plaintiff is 90 days before the discovery cut-off date. The initial expert disclosure deadline for Defendants is 60 days before the discovery cut-off date and the rebuttal expert disclosure deadline is 30 days after the Defendants' initial expert disclosure deadline.

      i. <u>Plaintiff's initial expert disclosures</u>: The disclosure of Plaintiff's experts and their reports shall occur on or before <u>September 25, 2024</u>.

      ii. <u>Defendants' initial expert disclosures</u>: The disclosure of Defendants' experts and their reports shall occur on or before <u>October 25, 2024.</u>

      iii. <u>Rebuttal expert disclosures</u>: All parties' rebuttal experts and their reports shall occur on or before <u>November 25, 2024</u>.

### D. **Dispositive Motions**

The parties shall have until <u>January 23, 2025</u>, to file dispositive motions.  This is 30 days after the discovery cut-off date, as required by LR 26-1(e)(4).

### E. **Pre-Trial Order**:

The parties will prepare a Consolidated Pre-Trial Order on or before <u>February 24, 2025</u>, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(e)(5).  This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court.  The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be included in the pre-trial order.

### F. **Court Conferences**:

If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order.  If the Court does not have questions, the parties do not request a conference with the Court.

/ / /

G. **Extensions or Modifications of the Discovery Plan and Scheduling Order**:

LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order.  Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than 21 days before the subject deadline. Any stipulation or motion to extend the discovery cut-off period must be made no later than <u>December 3, 2024</u>, 21 days before the discovery cut-off date.

10.    **Format of Discovery**:  Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2020, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference.  The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

11.    **Alternative Dispute Resolution:** The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

12.    **Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. section 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), however, the parties have decided against such use at this time and require a traditional jury trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

13.     **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations in this regard at this time.

DATED this 15th day of April, 2024.

**EVANS FEARS SCHUTTERT MCNULTY MICKUS**

**SPRENZ LAW**

/s/ Jay J. Schuttert
Jay J. Schuttert, Esq. (SBN 8656)
Hayley E. LaMorte, Esq. (SBN 14241)
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

*Attorneys for Defendant*
*Schindler Elevator Corporation*

/s/ Kevin A. Sprenz
Kevin A. Sprenz, Esq. (SBN 7924)
9960 West Cheyenne Ave, Suite 170
Las Vegas, NV 89129

*Attorney for Plaintiff*

**THE COURT HEREBY ADOPTS THE PROPOSED DISCOVERY PLAN.**

**IT IS SO ORDERED:**

_____
Hon.   Maximiliano   D.   Couvillier   III
UNITED STATES MAGISTRATE JUDGE
DATED: 4/17/2024